IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CCSB FINANCIAL CORP., | § |
| | § No. 289, 2022 |
| Defendant Below, | § |
| Appellant, | § Court Below: Court of Chancery |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. 2021-0173 |
| DEANN M. TOTTA, LAURIE | § |
| MORRISSEY, CHASE WATSON, | § |
| and PARK G.P., INC., | § |
| | § |
| | § |
| Plaintiffs Below, | § |
| Appellees. | § |

Submitted: August 26, 2022
Decided: September 12, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    In this action concerning a contested election of directors of defendant-appellant CCSB Financial Corp., the Court of Chancery held in a post-trial memorandum opinion that the nominees of plaintiff-appellee Park G.P., Inc. won the election and were directors. On July 18, 2022, the Court of Chancery entered an "Order and Judgment with Respect to the 2021 Annual CCSB Financial Corp. Stockholders Meeting" (the "Order and Judgment") implementing that decision. The Order and Judgment provided that the Court of Chancery "reserves jurisdiction

in this action to consider an application for attorneys' fees and expenses by Plaintiffs for prevailing in this action and conferring a corporate benefit on CCSB and its stockholders."

(2)     On August 16, 2022, CCSB filed a notice of appeal from the post-trial opinion and the Order and Judgment.  Upon the filing of the notice of appeal, the Senior Court Clerk issued a notice directing CCSB to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.  After this Court's issuance of the notice to show cause, CCSB sought leave from the Court of Chancery to file an untimely application for certification of interlocutory appeal or, in the alternative, asked the Court of Chancery to clarify whether it intended the Order and Judgment to be final or to enter a partial final judgment under Court of Chancery Rule 54(b). The Court of Chancery denied the requested relief on September 7, 2022.  On August 24, 2022, the plaintiffs-appellees filed a fee application, which remains pending in the Court of Chancery.

(3)     In response to the notice to show cause, CCSB acknowledges that this Court has held that a judgment is not final and appealable when an application for attorneys' fees remains outstanding in the trial court.  But CCSB argues that the Order and Judgment is final and appealable because the appellees had not filed a fee application when CCSB filed this appeal.

(4)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[1] "The mere titling of an order as a 'Final Order and Judgment' is not dispositive of its finality for purposes of appeal."[2] Rather, "[a]n order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction."[3] In the Order and Judgment, the Court of Chancery reserved jurisdiction to consider an application for attorneys' fees. Thus, "[c]learly, the Court of Chancery did not intend the [Order and Judgment] to be its final act in the case."[4] The Order and Judgment is therefore interlocutory, and this appeal must be dismissed.[5]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *Salzberg v. Sciabacucchi*, 2019 WL 549039 (Del. Feb. 12, 2019).
[2] *Gaffin v. Teledyne, Inc.*, 1991 WL 181488 (Del. Aug. 23, 1991).
[3] *Wollner v. PearPop, Inc.*, 2022 WL 2903103, at *1 (Del. July 21, 2022); *see also Gaffin*, 1991 WL 181488, at *1 ("An order is final and ripe for appeal when the trial court has clearly declared its intention that the order be the court's final act in a case." (internal quotations omitted)).
[4] *Gaffin*, 1991 WL 181488, at *1.
[5] *See id.* (dismissing appeal as interlocutory where the Court of Chancery, in a "Final Order and Judgment," "reserved jurisdiction with respect to attorneys' fees, litigation expenses, and administration of the distribution of funds to class members").

3